## CIRCUIT COURT OF FAIRFAX COUNTY

In re Grievance
of George Ashley

Case No. (Law) 105945

In re Grievance
of John T. Kerns

Case No. (Law) 106267

October 24, 1991

### By JUDGE JACK B. STEVENS

This matter has been under advisement for the Court to consider the appeals of George Ashley and John Kerns from a determination by the Acting County Executive that they are not entitled to a final and binding hearing by the Fairfax County Civil Service Commission because they did not file their respective grievances in a timely manner. The Court has considered the arguments of counsel as stated set forth in the briefs submitted. For the reasons that follow, the Court finds that the issue presented by the appellants is grievable. Accordingly, the decision of the Acting County Executive is reversed.

Section 15.1-7.2(A) of the Code of Virginia, annotated, states as follows:

> A grievance shall be a complaint or dispute by an employee relating to his employment, including but not necessarily limited to . . . (ii) the application of personnel policies, procedures, rules and regulations . . . .

*See also* § 2.1-114.5:1 Va. Code Ann. (1950); and Section 17.3-2(b) of the Fairfax County Personnel Regulations (1990).

Ashley's and Kerns's complaints raise the same issue. Both are retired Fairfax County Police Officers who have been hired in other County agencies since their retirement. Both claim that Personnel Regulation § 10.5 entitles them to have prior years of service as police officers included in their total years of service for the purpose of computing the rate at which they accrue annual leave. The resolution of these claims involves the interpretation and application of the Personnel Regulation § 10.5. According to Personnel Regulation § 17.3-2(b), and §§ 15.1-7.2(A) and 2.1-114.5:1 of the Virginia Code, this issue is grievable.

The Court finds that by processing these grievances through the Fourth Step of the Grievance Procedure, without raising the objection to the grievances based on Personnel Regulation § 17.5-1 requiring a grievance to be brought within fifteen workdays of the occurrence giving rise to the grievance, the County waived this objection.